UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

IN RE:                                              )
                                                    )
Daniel C. Evans and                                 )    Bankruptcy Case No. 05-31412
Raenette L. Evans                                   )    Chapter 7
                                                    )
            Debtors.                                )
                                                    )

**MEMORANDUM AND ORDER**

By motion filed September 27, 2005, the United States Trustee seeks dismissal of Debtors' Chapter 7 case pursuant to 11 U.S.C. § 707(b), alleging Debtors have the ability to repay a significant portion of their unsecured debt through future earnings. Debtors resist dismissal. U.S. Trustee Bruce Gering and counsel for Debtors, Marnell W. Ringsak, in separate letters dated November 28, 2005, waived their respective rights to an oral hearing on this issue and agreed to have the Court decide the matter based upon the contents of their written submissions. Based upon these submissions, the Court makes the following findings of fact and conclusions of law:

Findings of Fact

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 13, 2005. On Schedule I of their petition, Debtors listed their monthly take home pay as $5,713.00. This amount is disputed by the United States Trustee who argues that Debtors' net monthly income is $6,171.12. Although this is a material fact which is in dispute, the Court does not make a factual finding on this issue as it does not impact the Court's ruling. On Schedule J, Debtors list monthly expenses of $6,098.00, which includes $1,631.00 for "recreation, clubs and entertainment, newspapers, magazines, etc."

The parties have submitted several documents to the Court for its review.  Attached to Debtors' response to the trustee's motion filed on October 14, 2005, were Debtors' federal tax return forms for the years1993-95 and 1998-2000, marked as exhibits A-J.  On November 28, 2005, the trustee filed three exhibits with the Court: Daniel Evans' pay invoice dated August 3, 2005 (Exhibit 1); Daniel and Raenette Evans' Monthly Disposable Income worksheet (Exhibit 2); and Debtors' itemization of their expenses for recreation, clubs, entertainment, newspapers, magazines, etc. (Exhibit 3).  The Court accepts each exhibit as being true and accurate.

In Exhibit 3, Debtors claim monthly expenses of $362.00 for cigarettes and cigars, $490.00 for breakfasts, lunches and suppers out, $120.00 for pool league, $180.00 for golf, $80.00 for their daughter's allowance, $65.00 for Christmas and birthday presents, $60.00 for beer and wine, $34.00 for magazines and newspapers and $240.00 for evenings out at the bar. Debtors food and beverage expenses are in addition to the $600.00 monthly expense they list on Schedule J for groceries.

## Conclusions of Law

Section 707(b) of the Bankruptcy Code provides that a bankruptcy court may dismiss a case filed by a Chapter 7 debtor whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of Chapter 7.  11 U.S.C. § 707(b).  "Substantial abuse" is not a defined term.  In the Eighth Circuit, however, a Chapter 7 debtor's ability to fund a Chapter 13 plan is the primary factor to consider in determining whether granting relief would be substantial abuse under section 707(b).  Stuart v. Koch (In re Koch), 109 F.3d 1285, 1288 (8th Cir. 1997).  Therefore, a debtor's financial condition is

2

evaluated under the posture of a hypothetical Chapter 13 proceeding. In re Koch, 109 F.3d at 1288.

In Chapter 13, the Bankruptcy Code requires a meaningful and realistic budget, accompanied by the devotion of the debtor's disposable income to repay creditors through a Chapter 13 plan. In re Bottelberghe, 253 B.R. 256, 263 (Bankr. D. Minn. 2000); 11 U.S.C. § 1325(b). "Disposable income" is defined as income received by the debtor which is not reasonably necessary for the maintenance or support of the debtor or his dependents. 11 U.S.C. § 1325(b)(2)(A). In other words, disposable income is what is left over after a debtor reserves or holds back those funds reasonably necessary for maintenance or support. In re Zaleski, 216 B.R. 425, 431 (Bankr. D.N.D. 1997).

Chapter 13 debtors are not required to adopt a totally spartan existence; some expenditures are clearly essential, or nondiscretionary, such as reasonable amounts budgeted for food, clothing and shelter. In re Downin, 284 B.R. 909, 912 (Bankr. N.D. Iowa 2002). Further, Chapter 13 debtors are allowed some latitude regarding discretionary spending for items such as recreation, clubs, entertainment, newspapers, charitable contributions and other expenses. Id. Notwithstanding, debtors are not permitted unbridled discretion to carve out for themselves whatever lifestyle they choose. In re Zaleski, 216 B.R. at 430.

> Section 1325(b) is to be applied in a way that allows a debtor to maintain a reasonable lifestyle while simultaneously insuring that he makes a serious effort to fulfill his obligations to pre-petition creditors by eliminating unnecessary or unreasonable expenses. The key term is "reasonable lifestyle." Debtors need not be reduced to poverty and granted, some discretionary or recreational spending is not inappropriate, but courts are loathe to favor kindly expenditures which are for luxury goods or serve to perpetuate a luxury lifestyle.

Id. at 431. In short, although section 1325(b) contemplates some sacrifices or alteration in pre-petition consumption levels by debtors, it allows them to sustain their basic needs and a reasonable lifestyle.

There is a statutory presumption in favor of granting the debtor a discharge in a Chapter 7 proceeding. Section 707(b) of the Code, which permits the filing of motions such as the one before the Court, specifically states: "There shall be a presumption in favor of granting the relief [i.e., discharge] requested by the debtor." 11 U.S.C. § 707(b). Because a presumption exists in favor of according relief to a debtor, the burden of proof is on the United States Trustee to show that a debtor's case should be dismissed.

In this matter, the Court agrees with the United States Trustee that Debtors' expenses for "recreation, clubs and entertainment, newspapers, magazines, etc." in the amount of $1,631.00 is not reasonable. While seeking to have their debts discharged in bankruptcy, Debtors have not made alterations to, or sacrifices in, their lifestyle and they continue to live what many would consider to be a luxury lifestyle. Trustee's Exhibit 3 is all the evidence the Court needs to reach this conclusion. Each month Debtors spend $226.00 for cigars, $136.00 for cigarettes, $240.00 for dinners out as well as an additional $240.00 for nights out at the bar. This is in addition to other entertainment such as pool league and golf. While seeking a discharge, Debtors appear to be living a lifestyle that, quite frankly, would be the envy of many non-bankrupt North Dakotans.

The Bankruptcy Code is not designed to allow debtors to retain an excessive lifestyle and discharge their obligations without modifying the lifestyle which created the financial problem. The Court is not convinced that Debtors are making "a serious effort to fulfill [their] obligations

4

to pre-petition creditors by eliminating unnecessary or unreasonable expenses." See In re Zaleski, 216 B.R. at 431. If they were to modify their spending to a reasonable degree, it is obvious Debtors could easily fund a Chapter 13 plan without any hardship whatsoever.

Based on the foregoing, the United States Trustee has overcome the presumption that Debtors are entitled to a discharge in Chapter 7, and has demonstrated that, when all factors are considered, Debtors have the ability to repay a substantial portion of their debts. Consequently, granting Chapter 7 relief to Debtors would constitute a substantial abuse of the Bankruptcy Code.

Accordingly, the United States Trustee's Motion to Dismiss for Substantial Abuse is hereby GRANTED unless Debtors Daniel C. Evans and Raenette L. Evans convert this case to a case under Chapter 13 of the Bankruptcy Code. The Court will allow Debtors ten days in which to file a motion to convert. If no such motion is filed within ten days, this Order will become final and this case will be dismissed for substantial abuse without further notice or hearing.

**SO ORDERED.**

Dated this 28th day of December, 2005.

　　　　　　　　　　　　　　　　　　　　　　WILLIAM A. HILL, JUDGE
　　　　　　　　　　　　　　　　　　　　　　U.S. BANKRUPTCY COURT